IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Glenn Winningham,<br><br>          Plaintiff,<br><br>vs.<br><br>County of Navajo, et al.,<br><br>          Defendants. | No. CV-13-01120-PHX-NVW<br><br>**ORDER** |

Before the Court is Glenn Winningham's Demand to Remand to State Court (Doc. 9), the Motion to Dismiss by Defendants State of Arizona and Tom Horne (Doc. 1-3 at 27-30), and the Motion to Dismiss by the Navajo County Defendants (Doc. 1-3 at 21-25). Winningham has included in his Demand to Remand to State Court his responses to the motions to dismiss. (Docs. 9-1 at 1-13, 9-3 at 5-14.)

**I.  REMAND TO STATE COURT**

On June 3, 2013, Defendants State of Arizona and Tom Horne removed this action from the Pinal County Superior Court to this Court because Winningham's complaint ("Petition") alleged violations of federal constitutional rights. This Court has original jurisdiction of this action's federal claims under 28 U.S.C. § 1331 and may exercise supplemental jurisdiction over related state law claims under 28 U.S.C. § 1367.

Winningham seeks remand, contending that the Court "has no authority" and "no jurisdiction, because the Petitioner is NOT one of your lowlife scumbag US citizen slaves." He also demands "a lawful de jure judge," who has never been a member of the

"BAR." The demand for remand also includes lengthy ramblings that are unrelated to any legally recognized grounds for remand.

Therefore, Winningham's Demand to Remand to State Court (Doc. 9) on jurisdictional grounds will be denied because the Court has jurisdiction under 28 U.S.C. §§ 1331 and 1367.

## II.     DEFENDANTS' MOTIONS TO DISMISS

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99 (1957)). A claim must be stated clearly enough to provide each defendant fair opportunity to frame a responsive pleading. *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996). "Something labeled a complaint . . ., yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *Id.* at 1180.

Dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009). To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

Winningham's 50-page Petition is not "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Fed. R. Civ. P. 8(a). It does not state distinct causes of action in separately numbered counts. It includes lengthy

quotes from sources that do not have precedential authority and which do not belong in a complaint. Moreover, it includes derogatory and inflammatory language subject to striking under Fed. R. Civ. P. 12(f) as impertinent or scandalous matter.

Winningham's Petition also does not comply with Fed. R. Civ. 12(b)(6) because it fails to state a claim upon which relief can be granted. It alleges "a seditious conspiracy" to compel him to pay taxes and filing fees in violation of his constitutional rights and a conspiracy to convert his property to that of the United States. It alleges that all of the named Defendants have "deliberately and calculatedly committed felony mail fraud by using their fictitious ZIP CODE mailing address" on junk mail sent to Winningham. It also alleges that the "so-called fourteenth amendment criminally converts citizenship into the complete opposite of what the founding fathers intended" and "is a fraud and a nullity." The Petition also includes allegations related to the "US War of Independence" and the Magna Carta. Further, the Petition alleges that the Navajo County Defendants recorded documents that "criminally converted the Petitioner's proper appellation into the cestui que trust GLENN WINNINGHAM" and that the State Defendants failed to criminally prosecute the Navajo County Defendants. It seeks total damages in the amount of $12 trillion in silver coin.

Although it is possible that Winningham could amend the Petition to make it a short and plain statement of his claims, further amendment would be futile because his extensive allegations are not related to any cognizable legal theory and cannot be amended to state a claim upon which relief can be granted. Therefore, although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend the Petition will not be granted because doing so would be futile. *See Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

IT IS THEREFORE ORDERED that Glenn Winningham's Demand to Remand to State Court (Doc. 9) is denied.

IT IS FURTHER ORDERED that the Motion to Dismiss by Defendants State of Arizona and Tom Horne (Doc. 1-3 at 27-30) and the Motion to Dismiss by the Navajo County Defendants (Doc. 1-3 at 21-25) are granted.

IT IS FURTHER ORDERED that the complaint ("Petition") (Doc. 1-1) and this action are dismissed as to all Defendants with prejudice for failure to state a claim upon which relief can be granted. The Clerk shall enter judgment dismissing this action with prejudice and shall terminate this case.

IT IS FURTHER ORDERED that the Clerk file no further papers from Mr. Winningham unless a Judge of this Court has first entered an order allowing the paper to be filed. Any documents submitted by Mr. Winningham shall be immediately returned to him by the Clerk.

Dated this 19th day of June, 2013.

_____
Neil V. Wake
United States District Judge